## THURSTON AND WEBB *v.* MAURO.

A person cannot be rendered liable on a bill of exchange or promissory note, unless his name, or the style of the firm of which he is a member, is attached to some portion of it as a party.

Where W. M., as authorized agent, drew a bill of exchange to the order of P. M., for means furnished his principals, T. & W., in carrying on their business, and appended the word "agent," without stating for whom he was agent, it was held that W. M., on being released from liability to P. M., became a competent witness to prove the nature of the agency transaction; and for that purpose, that letters between him and his principal were admissible. It was also held, that as P. W. advanced the means under circumstances which justified the belief that the principals, T. & W., were responsible, and would pay the amount advanced for their benefit, he might file the bill for cancelation, and recover on the money counts.

Thurston *v.* Mauro.

ERROR, *to Des Moines District Court.*

*Grimes* and *Starr,* for the plaintiffs in error.

*D. Rorer* and *C. Mason,* for the defendant.

*Opinion by* GREENE, J.   Mauro instituted an action of assumpsit, in the district court, against Thurston & Webb. The declaration contains a special count, averring that William H. Mauro, as agent for the defendants, drew a bill of exchange in favor of Philip Mauro, for six hundred dollars, on Thomas L. Thurston, who accepted the same; but suffered it to be protested for non-payment.   The declaration also contains the usual counts for money had and received, laid out and expended, and for an account stated.   The defendants pleaded the general issue.   Verdict for the plaintiff.

The case comes before us upon a mutual statement of facts, recognizing a power of attorney from the defendants to W. H. Mauro, appointing him their agent to superintend, and make all necessary contracts in conducting their ferry at Burlington; also recognizing certain letters from the defendants to their said agent, and to the plaintiffs.   This mutual statement, or agreement, contains the testimony of W. H. Mauro, who was rendered competent by a release of interest from the plaintiff. From these respective documents, which are made evidence in the case, we learn that the defendants were indebted to their agent for services, from twelve to fifteen hundred dollars; that said agent was authorized to contract and settle debts, draw bills of exchange, and raise funds for the payment of their liabilities and the support of their ferry; that under this authority he drew the bill of exchange in question in favor of the plaintiff, realized the amount thereon, placed it to the credit of the defendants, and notified them accordingly by transmitting an account current; that the plaintiff was advised, by letters from the defendants, that W. H. Mauro was authorized to draw bills upon them, and that they were indebted to him; that after the bill was protested, the plaintiff, as first indorser, paid the

Thurston *v.* Mauro.

amount thereof to the holder; that Webb, one of the defendants, acknowledged a regret that the bill had been protested; that similar bills had formerly been drawn on Webb and honored; and that it had been arranged between the defendants that their agent was to draw thereafter upon Thurston.

It is evident that the action cannot be maintained upon the bill of exchange, and special count; as the bill is drawn in the name of Wm. H. Mauro, with the indefinite addition of "agent," and contains no designation of his principals. The doctrine is well established, that no person can be rendered liable on such an instrument, unless his name, or the style of his firm is subscribed to some portion of it as a party. But it is unnecessary to enlarge upon this point, as the principle is conceded by plaintiff's counsel.

The only question we are called upon to determine is, whether the court below erred in allowing a recovery on the common counts, under the evidence contained and referred to in the written agreement. It is claimed that a portion of the testimony tends to vary the purport of the bill of exchange, and therefore should be excluded, upon the well recognized rule of evidence, that parole testimony is not admissible to contradict or materially vary a written instrument. Upon a careful examination of W. H. Mauro's testimony, we can see no portion which tends to pervert or change the evident signification of the bill. He merely explained the capacity in which he acted, the indebtedness of the defendants to himself, and the nature of their liability to the plaintiff; and also the authority which he, as agent, possessed, to draw bills of exchange, and manage the financial and general business of the defendants, at Burlington. If the bill of exchange had not been offered in evidence in the case, we should regard the testimony of W. H. Mauro as substantially competent to support the common counts; nor can we otherwise regard it, since the bill is offered to the court for cancelation, and merely retained as a link and circumstance in the evidence of indebtedness. His testimony was clearly relevant to establish the fact of his authority to draw bills of exchange for the purpose of raising funds to pay the

demands of others against the defendants, and also to satisfy his own claims against them. This he might do in his capacity as agent, by naming his principals in the bills, or upon his individual responsibility, by subscribing only his own name. If in the former capacity, the plaintiff's right to recover against the defendants, even on the special count, cannot be doubted; and if in the latter case, he should raise funds for the use of his principal, by signing a bill upon them in his own name, though he would thus bind himself personally to the holder, yet it is clear that the principal may also be bound in the same transaction, as a party to the contract, through his agent. Story on Agency, 270.

The agency and authority of W. H. Mauro to raise funds by bills or otherwise, to meet the indebtedness of the defendants, were not only explained by the agent to Philip Mauro, but also fully communicated to him by letters from the defendants themselves. It affords a strong presumption that it was upon the strength of this information that he was induced to indorse the draft, and virtually advance the amount for their benefit. It was this that induced and justified him in regarding the act of their agent as their act, and of holding them, rather than the agent, responsible for the means he furnished for their use.

The acceptance of the bill by Thurston, and the subsequent regret of Webb that it had been protested, amount to additional proof that their agent was authorized to raise funds for their business in that way. All this evidence, in connection with the bill of exchange, furnish a relevant combination of circumstances in support of the common counts, which might with propriety go to the jury and influence their verdict.

In deciding, under the agreement, that the plaintiff is entitled to recover on the common counts, we are not only influenced by the evidence developed in the power of attorney, letters from the defendants' bill of exchange, the testimony of W. H. Mauro, and the apparent injustice of denying such a recovery; but we also feel confident that our position is fully maintained by the recognized principles of law. It is, perhaps,

unnecessary to refer to more than the case of *Pentz* v. *Stanton*, 10 Wend. R. 277. In that case, goods were furnished by the plaintiff to the agent of an unknown principal, for which a defective bill of exchange, as in this case, was given by the agent on his principal; and still it was held, that though the plaintiff could not recover on the bill, the principal was liable on the common counts, for goods sold and delivered, for his business operations, to the agent. If, without any understanding or arrangement with the principal, who was unknown to the party, and with imperfect evidence of the agent's authority, the plaintiff was entitled to recover, in a case otherwise so remarkably similar, we can entertain no doubt that the district court decided correctly, in this case, in admitting the evidence and rendering a judgment on the money counts. 4 Wend. R. 654.

Judgment affirmed.